UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-370-KSF

MICHAEL S. MARCUM.                                                                                            PLAINTIFF

v.                                            **OPINION AND ORDER**

G.L.A. COLLECTION COMPANY, INC. *et. al*.                                               DEFENDANTS

\* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Pikeville Medical Center, Inc., ("Pikeville Medical") to dismiss the claims of the plaintiff, Michael S. Marcum, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted or in the alternative for extension of time in which to answer.  [DE 9] For the reasons set forth below the motion is DENIED IN PART and GRANTED IN PART.

I.      FACTUAL BACKGROUND

Plaintiff filed this action on October 31, 2007, against Pikeville Medical, G.L.A. Collection Co. ("GLA"), Equifax Information Systems, LLC ("Equifax"), Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian").  Plaintiff's initial complaint enumerated the following causes of action: (a) several violations of 15 U.S.C. § 1692(e) of the Fair Debt Collections Practices Act ("FDCPA") by GLA (Causes of Action 1, 3, 4 and 5); (b) violation of 15 U.S.C. § 1692(g) of the FDCPA by GLA (Cause of Action 2); (c) violation of 15 U.S.C. § 1681(i) of the Fair Credit Reporting Act ("FRCA") by Equifax, Trans Union and Experian (Counts 6, 7 and 8); (d) violation of 15 U.S.C. 1681(s)(2b) of the FRCA by GLA (Cause of Action 9); and (e) defamation

1

by GLA for which it alleges Pikeville Medical is vicariously liable (Cause of Action 10). On March 13, 2008, Plaintiff filed his First Amended Complaint setting out the following claims against Pikeville Medical: (a) negligence (Cause of Action 11); invasion of privacy (Cause of Action 12); and violation of 15 U.S.C. 1681(s)(2b) of the FRCA.[1] (The initial complaint and the first amended complaint are referred to herein collectively as "Complaint").

In his Complaint, Plaintiff alleges the following: GLA, as collection agent for Pikeville Medical, contacted Plaintiff's spouse Selena Marcum ("Mrs. Marcum"), concerning an alleged debt of $53.61, and, after telephoning GLA, Mrs. Marcum paid the $53.61. While on the telephone, a GLA employee told Mrs. Marcum that she owed an additional $358.00 for services at Pikeville Medical and that this amount had been placed for collection with GLA. Mrs. Marcum asked the GLA representative to speak with her husband, the Plaintiff in this action, about the amount due. Plaintiff and Mrs. Marcum disputed that the $358.00 was owed to Pikeville Medical and refused to issue payment. The debt was noted on Plaintiff's credit report and was not removed upon request by Plaintiff to Equifax, Experian and Trans Union.

GLA, Equifax, Experian and Trans Union filed timely answers to Plaintiff's initial complaint. Pikeville Medical filed this motion to dismiss in lieu of an answer requesting that the court dismiss the initial complaint with regard to Pikeville Medical arguing that Plaintiff failed to state a claim against it for which relief may be granted. In the alternative, Pikeville Medical requested an extension of time to file an answer.

---

[1] Pikeville Medical made a motion to strike Plaintiff's First Amended Complaint which this court denied by separate order entered contemporaneously herewith because Plaintiff had the right to file one amended complaint as a matter of course prior to the filing of a responsive pleading. As set forth in the order regarding the motion to strike, Pikeville Medical's motion to dismiss is not a responsive pleading.

## II. LEGAL STANDARD

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994). The plaintiff must assert more than bare legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). In short, the issue when considering this motion to dismiss is not whether the plaintiff will ultimately prevail, but rather, whether he is entitled to offer evidence in support of his claims.

## III. ANALYSIS

### A. Plaintiff's Claims Against Pikeville Medical

As a preliminary matter, this court must determine what claims against Pikeville Medical, Plaintiff has attempted to plead in its Complaint. Pikeville Medical contends that Plaintiff has pled only a claim for common law defamation against it. In its response to Pikeville Medical's motion to dismiss, Plaintiff argues that its initial complaint asserts claims against Pikeville Medical for GLA's violations of the FCRA and the FDCPA. Causes of Action 1-5 and 9 of Plaintiff's initial complaint specifically reference actions by GLA and Causes of Action 6-8 specifically reference actions by Equifax, Trans Union and Experian but Pikeville Medical is not mentioned in any of these Causes of Action. In a complaint, a plaintiff must set forth a short and plain statement of each claim for relief which Plaintiff did not do in its initial complaint. As a result, Pikeville Medical did not

3

have fair notice that Plaintiff was making claims against it for vicarious liability for GLA's alleged violation of the FCRA or the FDCPA as set forth in Causes of Action 1-9. Causes of Action 11-13 in Plaintiff's First Amended Complaint, however, specifically set forth claims for negligence, invasion of privacy and violation of the FCRA by Pikeville Medical.

### B.     Motion to Dismiss Plaintiff's Defamation Claim

Pikeville Medical sets forth three arguments to support its motion to dismiss Plaintiff's defamation claim against it: (1) the alleged defamatory statement is true providing Pikeville Medical a complete defense to Plaintiff's defamation claim; (2) Plaintiff's defamation claim is barred by the statute of limitations; and (3) Plaintiff's defamation claim is preempted by 15 U.S.C. 1681t(b)(1)(F). Taking all of the assertions contained in Plaintiff's complaint as true, none of the arguments presented by Pikeville Medical justify dismissing the Plaintiff's defamation claim.

First, the Plaintiff is entitled to offer evidence that the alleged defamatory statement was untrue. In the factual statements set forth in the complaint, Plaintiff states that he and Mrs. Marcum dispute whether the $358.00 is a valid debt against Mrs. Marcum. If it is not a valid debt, the statements by GLA to the credit reporting agencies are untrue and Pikeville Medical does not have a valid defense of truth to the defamation Cause of Action. It is premature for the court to dismiss the claim at this time.

Second, with regard to the statute of limitations bar, Plaintiff may be able to show that the statement was made on or after October 31, 2006, and, thus, not barred by the statute of limitations.[2] He is entitled to present evidence on these grounds and it would be improper to dismiss this claim at this preliminary stage.

---

[2] Plaintiff urges the court to find Ky. Rev. Stat. § 404.040 unconstitutional. As it is unnecessary to rule on this issue with relation to the motion before the court, without further discussion this court declines to consider the issue.

4

Third, Plaintiff's state law claim of defamation is not preempted by § 1681t(b)(1)(F) of the FCRA.[3] The FCRA applies to three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to the consumer reporting agencies. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003). In this case, GLA is a furnisher of information within the FCRA. Plaintiff's claim for defamation against Pikeville Medical is based solely on it being vicariously liable for GLA's actions. Thus, if Plaintiff's claim for defamation against GLA is preempted so is the claim against Pikeville Medical.

The FCRA has two sections dealing with preemption of state law claims. The initial section was set out in 15 U.S.C. § 1681h(e). In 1996, Congress amended the FCRA to include additional preemption provisions, including 15 U.S.C. § 1681t(b)(1)(F). Courts have recognized that the FCRA's two preemption provisions overlap and are potentially contradictory. *See e.g. Stafford* 262 F. Supp. 2d 776; *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1373 (N.D. Ga. 2004). The tension between the two provisions results from the fact that § 1681h(e) permits state tort claims against furnishers of information, but requires a higher standard of proof for those claims in the nature of defamation, invasion of privacy and negligence while § 1681t(b)(1)(F) prohibits all state claims against furnishers of information. Courts attempting to harmonize these two provisions have generally followed one of three approaches: (1) the "total preemption" approach; (2) the "temporal" approach; or (3) the "statutory" approach. *See Manno* 439 F.Supp.2d at 424-25 (discussing the differing approaches).

Previously, the district court for the Western District of Kentucky followed the temporal approach but made a change to the statutory approach to harmonizing § 1681h(e) and §

---

[3] Pikeville Medical argues that Plaintiff's claim for defamation is preempted pursuant to § 1681t(b)(1)(F) but does not discuss § 1681h(e). As a result, the court will not consider whether Plaintiff's claim for defamation is preempted by § 1681h(e).

1681t(b)(1)(F) in the recent decision in *Miller v. Wells Fargo & Co.*, 2008 WL 793676 (W.D.K.Y. Mar. 24, 2008). This court finds the reasoning in *Miller* persuasive and hereby adopts the statutory approach. This court agrees with the *Miller* court that the statutory approach to harmonizing § 1681h(e) and § 1681t(b)(1)(F) is more consistent with the language and intent of § 1681t(b)(1)(F). Under the statutory approach § 1681t(b)(1)(F) applies to preempt only state claims against furnishers brought under state statutes. Thus, Plaintiff's state law claim of defamation is not preempted by § 1681t(b)(1)(F) because it is a tort claim not a statutory claim.[4]

### III. CONCLUSION

Based upon the foregoing and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the motion of the defendant [DE 9] to dismiss the Plaintiff's claims is **DENIED**.

**IT IS FURTHER ORDERED**, that the motion of defendant for an extension of time to answer is **GRANTED**. Pikeville Medical shall have ten days from the date of entry of this order to file an answer to Plaintiff's Complaint.

This the 4th day of June, 2008.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**

---

[4] The same reasoning applies to Plaintiff's claims for invasion of privacy and negligence. Plaintiff alleges that Pikeville Medical is a furnisher of information and the claims are tort claims, not statutory, thus, they are not preempted by § 1681t(b)(1)(F).