UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-370-KSF

MICHAEL S. MARCUM.                                                                                            PLAINTIFF

v.                                        **OPINION AND ORDER**

G.L.A. COLLECTION COMPANY, INC. *et. al*.                                              DEFENDANTS

\* \* \* \* \* \* \*

This matter is before the court on the motions of the defendants, Pikeville Medical Center, Inc., ("Pikeville Medical"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian") and G.L.A. Collection Co. ("GLA") to strike the First Amended Complaint of the plaintiff, Michael S. Marcum. [DE 26, DE 28, DE 34 and DE 35]  For the reasons set forth below the motions are DENIED.

Plaintiff filed this action on October 31, 2007, against Pikeville Medical, GLA, Trans Union, Experian and Equifax Information Systems, LLC ("Equifax").  Trans Union filed its Answer on January 8, 2008, Pikeville Medical filed a Motion to Dismiss or in the alternative a Motion for an Extension of Time to Answer on February 7, 2008, Equifax filed its Answer on February 18, 2008, GLA filed its Answer on February 22, 2008, and Experian filed its Answer on March 11, 2008.  On March 13, 2008, Plaintiff filed its First Amended Complaint making additional allegations against Pikeville Medical.  Pikeville Medical filed a motion to strike Plaintiff's First Amended Complaint arguing that it was filed after all defendants served responsive pleadings.  Subsequently, Experian, Trans Union and GLA joined in Pikeville Medical's motion.

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once

as a matter of course at any time before a responsive pleading is served. . . ." A motion to dismiss is not a responsive pleading. *Youn v. Track*, 324 F.3d 409, 415 (6th Cir. 2003); *Johnson v. Dossey*, 515 F.3d 778, (7th Cir. 2008). If the case has more than one defendant and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. *Williams v. Bd. of Regents of University System of Georgia*, 477 F.3d 1282, 1292 (11th Cir. 2007) citing *Brewer-Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir. 2000).

Pikeville Medical has only filed a motion to dismiss; no responsive pleading has been filed. Plaintiff, therefore, has the right, as a matter of course, to file an amended complaint amending its allegations against Pikeville Medical and there was no need for him to file a motion to amend his pleading. Experian, Trans Union and GLA have no reason to challenge the permissibility of Plaintiff filing the amended complaint because it does not amend the claims against them. Thus, defendants' motions are denied.

Based upon the foregoing and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that the motions of the defendants to strike Plaintiff's First Amended Complaint are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall remove the notation that DE #25 is "tendered".

This the 4th day of June, 2008.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**